```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                      DISTRICT OF VERMONT

Clifford Earl Bartz,          :
        Plaintiff,            :
                              :
        v.                    :    File No. 1:07-CV-219
                              :
Paul J. Van de Graaf,         :
John L. Pacht,                :
        Defendants.           :
```

                         AMENDED ORDER
              (Papers 14, 23, 27, 38, 39 and 41)

   Plaintiff Clifford Bartz, proceeding *pro se*, is a federal inmate serving a 240-month sentence for a range of offenses including robbery, firearms possession, and intimidation of a witness.  He was sentenced in 1995.  In 2007, he initiated this civil action against the federal prosecutor, Paul Van de Graaf, and former defense counsel John Pacht.  The action, entitled "Rescession [sic]/Replevin Res/In Rem Recoupment, Settlement and Closure Jurisdiction," asserts that Bartz is entitled to (1) the return of various bonds, (2) $50 million in damages, and (3) immediate release from prison, all on the basis of an alleged security interest in certain commercial instruments.  For reasons set forth below, Bartz's claims are DISMISSED as frivolous.

                       Factual Background

   Bartz was arrested on October 18, 1994.  On November 10, 1994, Magistrate Judge Niedermeier ordered that he be detained

pending trial.  Bartz was subsequently convicted after entering a guilty plea, and received concurrent sentences of 240 and 120 months.  His sentencing hearing was held on November 8, 1995.  There is no indication in the criminal docket of a bond ever having been issued in the case, as Bartz has been incarcerated since the time of his arrest.  See United States v. Bartz, File No. 1:94-CR-87.

Nonetheless, Bartz now alleges that in November 1995, the prosecutor, Assistant U.S. Attorney Van de Graaf, generated three commercial instruments: (1) a GSA Form 24 "Bid Bond", (2) a "Performance Bond" – Form 25, and (3) a "Payment Bond" – Form 25, OMB 90000045.  On or about January 16, 2007, Bartz sent Van de Graaf a "Notice of Acceptance of Value and Exemption from Levy" (hereinafter "Notice") requesting that "the Bonds be discharged via my Exemption and released to me immediately."  (Paper 27-4 at 2).  The Notice warned that a failure to respond would result in sanctions including the "release of all collateral, including but not limited to [Bartz] from the FCI Schuykill, in Minersville, Pennsylvania." Id.

The complaint alleges that Van de Graaf "dishonored" the Notice and is therefore in default.  Accordingly, Bartz claims that he is entitled to the recovery of all commercial instruments arising out of his criminal case.

2

He also claims that he has perfected a security interest "in CLIFFORD EARL BARTZ, FBI # 186637EB9 (or if unknown, Case # 1:94-CR-087-01), DEBTOR," and that he has the power to relieve himself of "all claims of Civil, Criminal and/or Commercial Nature." (Paper 4 at 4) (parenthetical in original). To this end, he appears to have drafted an order for his own release from prison. Id. at 7. Bartz also alleges that he has filed liens in Massachusetts and Washington, and that he is entitled to damages in the amount of $50 million. Id. at 5, 17.

The only specific allegation against Attorney Pacht is that he and Van de Graaf failed to rebut affidavits sent to them by Bartz. (Papers 4-2 and 4-3). Currently pending before the Court are the defendants' motions to dismiss and Bartz's motion for injunctive relief. Also pending is Bartz's second motion for an extension of time.

## Discussion

Pleadings submitted by *pro se* plaintiffs are held to a less stringent standard than those drafted by attorneys. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). Even when given the required liberal reading, however, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). Moreover, the Court is not required to accept as true a legal conclusion couched as a

factual allegation.  Papasan v. Allain, 478 U.S. 265, 286 (1986).

    Bartz's claim that he is entitled to relief on the basis of liens arising out of his prosecution is clearly without merit.  Indeed, "[t]he abusive practice of prisoners filing baseless liens and/or UCC financing statements for the purpose of harassment and credit impairment of the alleged debtor (almost always a state or federal official involved with securing the prisoner's incarceration) is well documented." Hudson v. Caruso, 2007 WL 2363308, at *5 (parenthetical in original) (collecting cases); United States v. Martin, 356 F. Supp. 2d 621 (W.D. Va. 2005) (prisoner filed fraudulent UCC financing statements naming himself as the secured party for a $108,000,000.00 debt owed him by various government officials); United States v. Brum, 2005 WL 1606584 (E.D. Tex. July 1, 2005) (prisoner filed fraudulent liens and UCC financing statements against the judge and prosecutor involved in his criminal conviction).

    Bartz's complaint and numerous other filings show no evidence of any actual bonds or legitimate security interests.  Instead, his filings are replete with unsupported and conclusory statements which, he claims, show a right to relief.  The idea that a criminal conviction would give rise to enforceable liens against both the prosecution and defense

counsel, and that enforcement of those liens would result in release of the plaintiff and substantial money damages, is "wholly incredible."  See Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible").  The complaint in this case is, therefore, DISMISSED as frivolous.  See 28 U.S.C. § 1915(e)(2)(B)(I); McGann v. Commissioner, 96 F.3d 28, 30 (2d Cir. 1996).

In addition to the frivolous nature of Bartz's factual claims, the defendants have submitted other legal grounds for dismissal.  Van de Graaf argues that, to the extent that he is being sued in his official capacity for money damages, he is entitled to sovereign immunity.  Because an action against a federal officer in his official capacity is essentially a suit against the United States, such a suit is barred under the doctrine of sovereign immunity unless that immunity is waived. Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 484-86 (1994); Robinson, 21 F.3d at 510 (2d Cir. 1994).  Bartz has not established that the federal government waived its sovereign immunity with respect to this case.  Moreover, to the extent that he is bringing a tort claim against Van de Graaf, Bartz does not allege that he has satisfied the administrative requirements of the Federal Tort Claims Act, 28

U.S.C. §§ 2671-80.  See McClenton v. Menifee, 2006 WL 2474872, at *16 (S.D.N.Y. Aug. 22, 2006).[1]  Accordingly, any claims for money damages brought against Van de Graaf in his official capacity are DISMISSED.[2]

Van de Graaf also notes that, in private correspondence, Bartz has characterized this action as a contract claim, with the indictment in his criminal case being the "offer" and Bartz's "agreement" to serve the balance of his term of imprisonment as the "acceptance."  (Paper 27-5 at 1).  This claim, too, is plainly frivolous.  Even if the Court were to find that the claim was cognizable, the size of Bartz's damages request would place the case outside of the Court's jurisdiction.  See 28 U.S.C. § 1346(a)(2) (limiting district courts' jurisdiction to contract claims against the United States not exceeding $10,000).

Defendant Pacht argues that the complaint is incomprehensible and thus fails to meet the requirements of Fed. R. Civ. P. 8(a).  The complaint is indeed difficult to understand, as it does not present a "short and plain statement of the claim showing that the pleader is entitled to

---

[1]  Van de Graaf has provided the certification required under § 2679(d)(1) to show that was acting within the scope of his employment.

[2]  Van de Graaf has not been served in his individual capacity.

relief." Fed. R. Civ. P. 8(a). The initial complaint is only a few pages, declaring itself an "In Personam, Res/In Rem Action, also seeking Rescession [sic] through Replevin." (Paper 4 at 1). As noted above, there are few specific allegations against Pacht, and no explanation of how or why a criminal conviction resulted in the "generation" of "commercial instruments." Bartz has supplemented his initial filing with numerous other addenda, affidavits, notices, demands and briefs, many of which further confuse the nature of his claims. (Papers 4, 7, 8, 9, 12, 21 and 26).

With respect to any potential claims against defendant Pacht, the Court finds that the complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). The Court further finds that, given the frivolous nature of Bartz's many filings in the case, amendment of the claims brought against either defendant would be futile. See O'Hara v. Weeks Marine, Inc., 294 F.3d 55, 69 (2d Cir. 2002). The motions to dismiss are, therefore, GRANTED, and this case is DISMISSED.

## Conclusion

For the reasons set forth above, the defendants' motions to dismiss (Papers 23 and 27) are GRANTED, and this case is DISMISSED as frivolous. Bartz's motion for a second extension

of time (Paper 41) is DENIED, and all remaining motions (Papers 14, 38 and 39) are DENIED as moot.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 15th day of July, 2008.

                                      /s/ J. Garvan Murtha
                                      J. Garvan Murtha
                                      United States District Judge